# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**EDDIE SCOTT, JR.**
**ADC #136799**                                                                                              **PLAINTIFF**

**VS.**                                       **4:17-CV-00670-BRW**

**ALISA ANTHONY, Parole Officer**                                                    **DEFENDANT**

## ORDER

Plaintiff Eddie Scott, Jr. ("Plaintiff"), an inmate at the North Central Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 action alleging that Defendant Alisa Anthony ("Defendant") violated his due process and equal protection rights.[1] Specifically, he alleges that Defendant denied his requests to be released on parole because he is an African American homosexual and HIV-positive.[2] He sued Defendant in both her official and personal capacities. Plaintiff seeks damages.[3] For the reasons set out below, I find that Plaintiff failed to state a claim on which relief may be granted.

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[4] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[5] A claim is frivolous if "it lacks an arguable

---

[1] Doc. Nos. 2, 5.

[2] Doc. No. 2, at 5.

[3] Doc. No. 2.

[4] 28 U.S.C. § 1915A.

[5] *Id*.

basis either in law or in fact."[6] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[7]

With respect to Plaintiff's official capacity claims, the Eleventh Amendment to the United States Constitution bars suit against a state or one of its agencies.[8] Plaintiff's official capacity claims against Defendant are claims against the state, and, accordingly, are barred.[9]

Plaintiff has no constitutional right to parole.[10] Without a protectable liberty interest, due process is not implicated.[11] Plaintiff's due process claim must be dismissed.

Plaintiff's allegation that his parole was denied in violation of his equal protection rights goes to the fundamental legality of his incarceration. Accordingly, Plaintiff's damages claims are barred by *Heck v. Humphrey*.[12] In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

---

[6] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[7] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[8] *Rose v. Nebraska*, 748 F.2d 1258, 1262 (8th Cir. 1984); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989).

[9] See *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . .") (internal citation omitted); *Taylor v. Selig*, 409 Fed. Appx. 986, 987 (8th Cir. 2011) (when sued for damages state officials acting in their official capacities not "persons" under § 1983).

[10] *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984); *Mason v. Hobbs*, 453 S.W. 3d 679, 681-82 (Ark. 2015).

[11] See *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

[12] 512 U.S. 477 (1994).

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] The holding of *Heck* has been applied to parole decisions.[14] Here, there is no indication that plaintiff's conviction or sentence has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Further, to the extent that Plaintiff challenges his confinement, his sole remedy in federal court is a petition for a writ of habeas corpus.[15]

Accordingly, Plaintiff's complaint is DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.[16] Dismissal constitutes a strike.[17] I certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.[18]

IT IS SO ORDERED this 30th day of October, 2017.

/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[13] *Id.*, at 486-87.

[14] See *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

[15] *Preiser v. Rodriguez*, 411 U.S. 474, 484, 499 (1973).

[16] 28 U.S.C. § 1915A.

[17] 28 U.S.C. § 1915(g).

[18] 28 U.S.C. § 1915(a)(3).